IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.    CIVIL ACTION NO. 1:16-CV-79 (Keeley)

THE MILLSTONE BAR AND GRILL, INC.
d/b/a THE MILLSTONE BAR AND GRILL,
EVANGELINE METZ-DARLING, VIRGINIA M. METZ,
JOHN H. SORRELL, and CURT HALL,

    Defendants.

> ELECTRONICALLY FILED
> 05/04/2016
> U.S. DISTRICT COURT
> Northern District of WV

## COMPLAINT

Plaintiff Joe Hand Promotions, Inc., by and through its attorneys, for its Complaint against Defendants, hereby allege as follows:

## THE PARTIES

1. Plaintiff Joe Hand Promotions, Inc. is a corporation organized and existing under the laws of Pennsylvania, having its principal place of business at 407 East Pennsylvania Boulevard, Bucks County, Feasterville, PA 19053. Plaintiff held the exclusive commercial distribution rights to the broadcast of Ultimate Fighting Championship® 182: Jones v. Cormier telecast nationwide on January 3, 2015 ("Program").

2. Upon information and belief, Defendant The Millstone Bar and Grill, Inc. is a business entity, the exact nature of which is unknown, that operates, maintains and controls the establishment known as The Millstone Bar and Grill located at 12339 South Calhoun Highway, Calhoun County, Arnoldsburg, WV 25234 (the "Establishment").

3. Upon information and belief, Defendants Evangeline Metz-Darling, Virginia M. Metz, John H. Sorrell, and Curt Hall are individuals residing in the state of West Virginia. On the date of the Program, each individual Defendant:

(a) Was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

(b) Had a right and ability to supervise the activities of the Establishment; and

(c) Had an obvious and direct financial interest in the activities of the Establishment.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as this action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605.

5. Venue is proper in this District because Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

6. Plaintiff is a company that specializes in distributing and licensing premier sporting events to non-residential locations such as bars, restaurants, lounges, clubhouses, and similar establishments. Since 2001, Plaintiff has been the exclusive domestic distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

7. By contract, Plaintiff was granted the exclusive right to license and distribute the Program to establishments throughout the United States. The Program broadcast

originated via satellite uplink, and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

8. Plaintiff entered into subsequent agreements with various Establishments in the State of West Virginia that, in exchange for a fee, allowed them to exhibit the Program to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer and transmit the Program broadcast to those Establishments in the State of West Virginia.

9. For a fee, the transmission of the Program was available to the Defendants for exhibition in their Establishment. Defendants, however, chose not to contract with Plaintiff to obtain the proper license. At no time did Plaintiff give Defendants license, permission or authority to receive and exhibit the Program in their Establishment.

10. On January 3, 2015 either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Program or assisted in such actions. Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons in the Establishment.

11. Defendants enabled the patrons within the Establishment to view the Program without license or permission to do so.

12. Defendants misappropriated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

## VIOLATION OF 47 U.S.C. § 553 or § 605

13. Defendants' wrongful actions in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 553 or § 605. By reason of Defendants' violation of 47 U.S.C. § 553 or § 605, Plaintiff has a private right of action.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

(a) For statutory damages, in the discretion of this Court, up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553, or up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605;

(b) For Plaintiff's attorneys' fees, interest, and costs of suit as to each Defendant pursuant to 47 U.S.C. §605 (e)(3)(B)(iii) or §553 (c)(2)(C); and

(c) For such other relief as the Court may deem just and proper.

Dated this __4th__ day of May, 2016.

/s/  Edmund L. Wagoner
Edmund L. Wagoner (WVSB #10605)
David E. Goddard (WVSB #8090)
Goddard & Wagoner PLLC
229 West Main Street, Suite 1100
Clarksburg, WV  26301
Tel:  (304) 933-1411
Fax:  (855) 329-1411
*Counsel for Plaintiff,*
*Joe Hand Promotions, Inc.*